# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 1, 2022        Decided March 3, 2023

No. 22-1016

LEVINE/SCHWAB PARTNERSHIP,
D/B/A SCHWAB MULTIMEDIA LLC,
APPELLANT

v.

FEDERAL COMMUNICATIONS COMMISSION,
APPELLEE

———

On Appeal from an Order of the
Federal Communications Commission

———

*Keenan P. Adamchak* argued the cause for appellant. With him on the briefs was *Davina S. Sashkin*.

*Rachel Proctor May*, Counsel, Federal Communications Commission, argued the cause for appellee. With her on the brief was *Sarah E. Citrin*, Deputy Associate General Counsel. *Jacob M. Lewis*, Associate General Counsel, entered an appearance.

Before: MILLETT, WILKINS, and WALKER, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*: To build a radio station, a broadcaster must obtain a construction permit from the Federal Communications Commission. Those permits have time limits. Absent an extension from the FCC, a broadcaster must build the station within three years.

Here, Schwab Multimedia received a construction permit from the FCC. But Schwab never built its station. Though the FCC granted Schwab's first three requests for more time, it denied Schwab's fourth.

Schwab appealed the FCC's decision, claiming that it was arbitrary and capricious. Because the agency's decision was reasonable and reasonably explained, we affirm.

I

In 2016, Schwab obtained an FCC permit to build a radio station in Culver City, California. An FCC rule gave Schwab three years to complete construction. 47 C.F.R. § 73.3598(a). But the FCC does not apply that rule inflexibly. When certain events "not under the control of the permittee" prevent construction, the FCC will toll (pause) the three-year clock, giving the permittee more time. *Id.* § 73.3598(b).

Schwab requested, and the FCC's Media Bureau granted, three such tolling requests. But it denied Schwab's fourth.

Schwab asked the Bureau to reconsider. It claimed that the landlord of its original site had withdrawn permission to build. It also submitted an application to modify its construction permit so it could build at a new site at the Culver City Mall. The Media Bureau denied Schwab's petition for reconsideration.

Schwab then filed an Application for Review before the full FCC. The FCC affirmed the Bureau. It found that site loss was the "cause of Schwab's inability to construct." JA 288. And site loss is not a reason for tolling recognized in FCC regulations. It also dismissed as moot Schwab's application to modify its construction permit because, without tolling, the permit had expired.

Schwab appealed.

II

Before we consider the merits, we briefly explain why we reject the FCC's argument that Schwab lacks standing.

To have standing, Schwab must show that it was injured by the FCC's order and that "a favorable decision" from this court would redress that injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (cleaned up).

Schwab meets that test. It suffered an injury caused by the FCC: The agency's refusal to give Schwab more time meant that it lost its chance to build a radio station. And an order from this court could redress that injury: Reversing the FCC's decision would reinstate Schwab's construction permit and give it more time to build.

True, Schwab told the FCC that it cannot build at its original site. But when it submitted its tolling request, it also asked the FCC to modify its permit to let it build at a new site, the Culver City Mall. And it has a lease for that site ready to be executed. So if it won on tolling here — giving it six months and twenty-two days to build — *and* the FCC approved Schwab's modification request, Schwab could still complete construction of its radio station.

4

To be clear, even if Schwab won here, we aren't *certain* that it could build its radio station. Perhaps the new site wouldn't pan out. But a showing of certainty is not required; a "mere likelihood will do." *National Wildlife Federation v. Hodel*, 839 F.2d 694, 705 (D.C. Cir. 1988).

III

We now turn to the merits.

The FCC denied Schwab's Application for Review because site loss is not a legitimate reason for tolling under the FCC's rules. It also refused to grant Schwab a waiver of the FCC's three-year deadline on construction permits.

Those decisions were not arbitrary and capricious. 5 U.S.C. § 706(2)(A). They were "reasonable and reasonably explained," and the FCC's factual findings are supported by substantial evidence. *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021).

A

The FCC based its denial of Schwab's tolling request on three underlying determinations. All three were reasonable.

First, the FCC reasonably found that Schwab had no construction site. Indeed, Schwab admitted as much. It told the Media Bureau that the landlord of the original site had "rescinded [its] verbal agreement . . . to use the site." JA 131. And it offered no evidence to suggest that it had since secured the landlord's permission. *See PSSI Global Services, LLC v. FCC*, 983 F.3d 1, 7 (D.C. Cir. 2020) (we "accept the [FCC's]

findings of fact so long as they are supported by substantial evidence on the record as a whole" (cleaned up)).

True, Schwab claimed that it had found a "new home" at the Culver City Mall. JA 131. But when the FCC considered Schwab's tolling request, Schwab had not secured the FCC's permission to build at that new site.

Second, it was reasonable for the FCC to conclude that site loss was the real reason Schwab could not build. Pointing to wildfires and COVID-19, Schwab claimed that "act[s] of God" prevented construction. 47 C.F.R. § 73.3598(b)(1). But even absent those obstacles, construction was impossible. You can't build a radio station without a place to put it. *See BDPCS, Inc. v. FCC*, 351 F.3d 1177, 1183 (D.C. Cir. 2003) ("When an agency offers multiple grounds for a decision, we will affirm the agency so long as any one of the grounds is valid.").

Third, the FCC reasonably held that site loss is not a legitimate basis for tolling. *See* 47 C.F.R. § 73.3598(b). FCC rules say: "The period of construction for an original construction permit shall toll when construction is prevented by the following causes not under the control of the permittee." *Id.* The provision goes on to specify five causes. They are: (1) acts of God; (2) administrative or judicial review; (3-4) certain unanswered requests to Canada or Mexico for international coordination; and (5) failure of a condition imposed by the FCC. *Id.*; *see also In re JNE Investments, Inc.*, 23 FCC Rcd. 623, 631 (2008) ("tolling is inapplicable outside of the circumstances identified in Section 73.3598(b)").

Those causes do not include site loss. Rather, the FCC views site selection as an "independent business decision within a permittee's control." *In re Royce International Broadcasting Co.*, 23 FCC Rcd. 9010, 9016 (2008). So it has

declined to add "site-related difficulties" to its list of criteria for tolling. *Id.*; *see also In re Birach Broadcasting Corp.*, 18 FCC Rcd. 1414, 1415 (2003) (affirming a finding that site loss and high land prices, which slowed the process of securing a new site, do not qualify for tolling).

## B

Finally, Schwab claims the FCC erred because it did not waive its three-year deadline on construction permits. *See* 47 C.F.R. § l.3.

The FCC may waive its rules "where particular facts would make strict compliance [with a rule] inconsistent with the public interest." *Northeast Cellular Telephone Co. v. FCC*, 897 F.2d 1164, 1166 (D.C. Cir. 1990) (cleaned up); *see also* 47 C.F.R. § 1.3 (FCC may "waive[ ]" its rules for "good cause shown").

But Schwab never urged the FCC to hold that site loss justified a waiver of the three-year construction deadline. That failure prevents us from considering waiver now. The FCC must be " 'afforded [an] opportunity to pass' on all arguments made to a court." *NTCH, Inc. v. FCC*, 841 F.3d 497, 508 (D.C. Cir. 2016) (quoting 47 U.S.C. § 405(a)). So parties must first "reasonably flag[ ]" their arguments "for the agency's consideration." *Id.* (cleaned up). Schwab did not.[1]

---

[1] Because the exhaustion requirement is not jurisdictional, we may overlook a failure to exhaust. *NTCH*, 841 F.3d at 508. But here, "none of the traditional exceptions" apply. *Action for Children's Television v. FCC*, 906 F.2d 752, 755 (D.C. Cir. 1990) (cleaned up) (listing exceptions).

And even if the issue *was* before us, Schwab produced no evidence to show that good cause would support a waiver. *See In re Birach Broadcasting Corp.*, 18 FCC Rcd. at 1415 ("The Commission will not waive its rules absent good cause.").

\*   \*   \*

We affirm the FCC's order.[2]

*So ordered.*

---

[2] The FCC dismissed as moot Schwab's application to modify its permit to let it build at a new site. The FCC reasoned that Schwab's permit had expired and that the agency could not modify an expired permit. *See In re JNE Investments Inc.*, 23 FCC Rcd. at 632. That may have been a mistake. Schwab filed its modification application "four days before the end of the . . . construction period," while the permit was still valid. JA 286. And at oral argument, the FCC said it would pause the construction clock while it reviewed Schwab's modification application. If that is true, then the clock could not have expired, as the FCC claimed, mooting Schwab's modification application. But even if the FCC erred, Schwab did not mention that error in its appellate briefing. So it forfeited any objection. *See United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*, 45 F.4th 426, 434 (D.C. Cir. 2022) (arguments not raised in an "opening brief" are "forfeited").